BESS M. BREWER, #100364
LAW OFFICE OF BESS M. BREWER
P.O. Box 5088
Sacramento, CA 95817
Telephone: (916) 385-7517
besshelena@earthlink.net
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RENEE G. SCARBOROUGH** ) <br> ) <br> ) <br> ) <br> ) <br> **Plaintiff,** ) <br> ) <br> ) <br> **v.** ) <br> ) <br> ) <br> **NANCY A. BERRYHILL,** ) <br> **ACTING COMMISSIONER OF SSA,** ) <br> **Defendant.** ) <br> _____ ) | No. 2:15-cv-0146 DB <br><br> **STIPULATION AND ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FIVE THOUSAND EIGHT HUNDRED DOLLARS AND ZERO CENTS (**$5,800.00**). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d). After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (U.S. June 14, 2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Bess M. Brewer, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Dated: June 23, 2017 　　　　　　　　　　　　　　*/s/Bess M. Brewer*
　　　　　　　　　　　　　　　　　　　　　　　　　BESS M. BREWER
　　　　　　　　　　　　　　　　　　　　　　　　　Attorney at Law
　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

Dated: June 23, 2017 　　　　　　　　　　　　　　Jeffrey Chen
　　　　　　　　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Jeffrey Chen
　　　　　　　　　　　　　　　　　　　　　　　　　JEFFREY CHEN
　　　　　　　　　　　　　　　　　　　　　　　　　Special Assistant United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.[1]

Dated: June 28, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\scarborough0146.stip.eaja.ord

---

[1] In light of the parties' stipulation, plaintiff's June 5, 2017 motion for EAJA fees (ECF No. 28) is denied without prejudice as having been rendered moot.